AUSA Ioannis Drivas

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   2 6 mj 30 79

UNITED STATES OF AMERICA                :    **COMPLAINT**
                                        :
           v.                           :    Violations of 18 U.S.C. § 922(g)(1)
                                        :
ALI KHAN LODHI,                         :    COUNTY OF OFFENSE:
                                        :    DUTCHESS
           Defendant.                   :
                                        :
------------------------------------------------------------- X

SOUTHERN DISTRICT OF NEW YORK, ss.:

    JOHN RUANE, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

### COUNT ONE
(Possession of a Firearm and Ammunition After a Felony Conviction)

    1. On or about July 29, 2026, in the Southern District of New York and elsewhere, ALI KHAN LODHI, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, to wit, a Troy A4 Other Firearm Cal 9MM M5CI9401 and a Glock 45 Cal 9MM handgun, and the firearms were in and affecting commerce.

(Title 18, United States Code, Section 922(g)(1).)

    The bases for my knowledge and for the foregoing charges are, in part, as follows:

    2. I am a Special Agent with the FBI. I have been personally involved in the investigation of this matter. This affidavit is based in part upon my own personal knowledge, my training and experience in investigating firearms offenses, my conversations with other law enforcement officers and others, and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

    3. Based on my participation in this investigation, my personal observations, my conversations with other members of law enforcement, and my review of law enforcement reports and records, I have learned the following, in substance and in part:

    a. On or about July 27, 2026, the Honorable Judith C. McCarthy authorized search and seizure warrants for the residence and vehicle of ALI KHAN LODHI, the defendant (the "July 27, 2026 Warrants") namely: (i) a residential premises in Poughkeepsie, New York (the "Subject Premises"); and (ii) a 2024 white Dodge Durango (the "Subject Vehicle").

1

b.　　On or about July 29, 2026, at approximately 6:00 a.m., law enforcement officers executed the July 27, 2026 Warrants.  In searching the Subject Premises, officers discovered a Troy A4 Other Firearm Cal 9MM M5CI9401 ("Firearm-1"), depicted below, in the garage of the residence in close proximity to a large gun safe.



*Firearm-1*

c.　　Directly next to Firearm-1, officers found three magazines, each containing ammunition, placed on top of a shelf.  Two of these were extended magazines and, as depicted below, were taped together from end to end.  Based on my training and experience, I know that firearm users who configure magazines in this fashion typically do so to facilitate rapid reloading of magazines.



d.　　Officers also discovered a Glock handgun, depicted below ("Firearm-2"), affixed to the side of a work bench in the garage with a magnet.

2



*Firearm-2*

     e.    Upon opening the gun safe in the garage, officers found approximately several hundred rounds of ammunition. An additional box of ammunition was found on a shelf in the garage.



    4.    Following the search of the Subject Premises, ALI KHAN LODHI, the defendant, told law enforcement, in substance and in part, that his domestic partner had legally purchased the firearms found in the garage of the Subject Premises. An individual present at the Subject Premises who identified herself as LODHI's domestic partner ("Individual-1") was also interviewed by law enforcement. Individual-1 stated, in substance and in part, that the firearms belonged to her but

that she had given them to LODHI to keep them secure for her.  Individual-1 further stated that she did not know what model the firearms were; that she rarely, if ever, went to the garage of the Subject Premises; and that she did not have access to, and had never opened, the gun safe where a substantial amount of ammunition was recovered; and that she had never asked for anything to be secured in the gun safe on her behalf.

5.    I am aware that ALI KHAN LODHI, the defendant, is the owner and operator of a marijuana dispensary in Poughkeepsie, New York ("Dispensary-1").  Law enforcement obtained surveillance footage taken on the premises of Dispensary-1 on or about March 10, 2026, a screenshot of which is reproduced below.  I know that the man wearing a black sweatshirt—who I recognize as LODHI based on my comparison to a known-photograph and my personal interactions with LODHI—is shown retrieving what appears to be a small handgun consistent with Firearm-2 from his rear waistband and handing it to the other individual depicted in the video, who is wearing a grey sweatsuit.



6.    I am further aware that photographs of Firearm-1 and Firearm-2 were submitted to a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF").  The ATF Special Agent concluded that Firearm-1 and Firearm-2 were manufactured outside of New York State.

7.    I have reviewed criminal history records pertaining to ALI KHAN LODHI, the defendant, and have learned the following, among other things:

a.    On or about March 26, 2009, LODHI was convicted of third-degree burglary in violation of New York Penal Law ("NYPL") 140.20, a Class D Felony, and was sentenced to five years' probation.

b.    On or about June 11, 2010, LODHI was convicted of second-degree criminal possession of a controlled substance in violation of NYPL 220.18(01), a Class A Felony,

and was sentenced to six years' imprisonment and five years' post-release supervision in connection with that conviction.

    c.  On or about May 23, 2017, LODHI was convicted of second-degree criminal possession of marijuana in violation of NYPL 221.25, a Class D Felony, and was sentenced to three years' probation.

    WHEREFORE, I respectfully request that ALI KHAN LODHI, the defendant, be imprisoned or bailed, as the case may be.

                _____
                John Ruane
                Special Agent
                Drug Enforcement Agency

Sworn before me this 29th day of July 2026

_____
THE HONORABLE JUDITH C. McCARTHY
Chief United States Magistrate Judge
Southern District of New York